```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

BRETT MORRISH,

                Plaintiff,

vs.                                Case No.  2:06-cv-126-FtM-29SPC

STEPHEN B. RUSSELL, FLORIDA STATE
ATTORNEY'S OFFICE; STEPHEN SCHWARTZ;
and LEAH HARWOOD,

                Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter comes before the Court upon review of the file. Plaintiff, currently incarcerated within the Florida penal system and proceeding *pro se,* filed a civil rights complaint pursuant to 42 U.S.C. §1983 on March 13, 2006 (Doc. #1). Plaintiff names as Defendants in this action: Stephen B. Russell, the Florida State Attorney for the Twentieth Judicial Circuit, and Stephen Schwartz and Leah Harwood, Assistant State Attorneys who prosecuted Plaintiff on the charges for which he is currently incarcerated. The allegations in the Complaint concern Plaintiff's underlying criminal case in which Plaintiff, who was represented by counsel, entered a plea of nolo contendere to aggravated battery while wearing a mask and armed trespass while wearing a mask on April 6, 2005[1]. On April 13, 2005 judgment was entered and Plaintiff was

---

[1] See www.clerk.collier.fl.us/clerkspublicac, Felony Case Detail Information, Case No. 04-CF-000199 (hereinafter "Plaintiff's Felony Case Detail").

sentenced to 84 months in prison. Plaintiff's Felony Case Detail, Complaint, page 9. Plaintiff in his Complaint *sub judice* alleges that Defendants "maliciously prosecuted the Plaintiff by committing fraud and perjury." Complaint, page 8. On June 2, 2005 Plaintiff's motion for post-conviction relief was denied by the trial court. Plaintiff acknowledges that he has "to serve 57 more months incarcerated." Complaint, page 9. Plaintiff seeks $10 million in compensatory and punitive damages. Complaint, page 10.

Assuming for purposes of review of the Complaint that Plaintiff could prove that any of the Defendants committed an alleged impropriety that resulted in Plaintiff's unconstitutional imprisonment and conviction, the Complaint must nonetheless be dismissed for failure to state a claim. A claim challenging unlawful conduct leading to an unconstitutional conviction cannot proceed unless the plaintiff shows that the challenged conviction was reversed, expunged or otherwise invalidated as required by the Heck standard:

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the

-2-

>invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis original). See also Hartman V, Moore, 126 S. Ct. 1695, __ U.S. __ (2006); Kroger v. Florida, 2005 WL 1027204, (11th Cir. May 3, 2005).

In the instant case, Plaintiff pled no contest to the charges on April 6, 2005, was adjudicated guilty, and sentenced to 84 months imprisonment in connection with the underlying criminal action he now challenges. Furthermore, Plaintiff's post-conviction motion was denied by the trial court on June 2, 2005. Therefore, Plaintiff §1983 cause of action relating to his underlying criminal case is premature at this time.

Moreover, Plaintiff's claims against the Defendants are barred. "Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam) (citing Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976), Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir.1999), Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir.1984)); see also Mastroianni v. Bowers, 173 F.3d 1363, 1366 (11th Cir. 1999) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273, (1993)).

Consequently, the Court, concludes that no relief could be granted against any of these Defendants under any set of facts that could be proved consistent with the allegations in Plaintiff's § 1983 Complaint. <u>Lewis v. City of St. Petersburg</u>, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing <u>Hishon v. King & Spaulding</u>, 467 U.S. 69, 73 (1984)). Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. §1915 §1915(e)(2).

ACCORDINGLY, it is now

**ORDERED**:

1. Plaintiff's Complaint is **DISMISSED**, WITHOUT PREJUDICE, for failure to state a claim upon which the Court can grant relief.

2. The **Clerk of Court** shall terminate all pending motions in this case, shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this ___22nd___ day of June, 2006.

JOHN E. STEELE
United States District Judge

SA:   hmk
Copies: All Parties of Record

-4-